UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No.: 17-165 |
| JAYVONNE JOHNSON | SECTION: "J" (1) |

## ORDER & REASONS

Before the Court is a *Motion for Compassionate Release* **(Rec. Doc. 76)** filed by Defendant Jayvonne Johnson. The Government opposes the motion (Rec. Doc. 80). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

Johnson was indicted in 2017 for one count of possession with intent to distribute 500 grams or more of cocaine. He pleaded guilty, pursuant to a plea agreement, on August 15, 2018. Based on an offense level of 31 and criminal history category VI, his guidelines range was 188 to 235 months of imprisonment. On March 7, 2019, Johnson was sentenced to 120 months of imprisonment because of his age and because the Court found that "the career offender provision is inappropriate in this case."[1] His projected release date is March 19, 2026.

---

[1] (Statement of Reasons, Rec. Doc. 65, at 3).

Johnson filed the instant motion on April 23, 2020. He seeks a reduction of his sentence, or alternatively a release to home confinement, due to an outbreak of COVID-19 at FCI Oakdale I, where he is currently incarcerated. He asserts that five inmates have died from COVID-19 and 91 inmates have tested positive at Oakdale. He is housed in Unit Vernon-1, which has only eight sinks and four toilets for over 200 inmates, and he shares a room with five other inmates, whose beds are three feet apart. He claims it is impossible to properly disinfect the restrooms or living quarters because inmates are not allowed to have Lysol or bleach. He contends his health conditions – hypertension, high blood pressure, cholesterolemia, and liver disease – qualify him for relief. He also claims he is a non-violent offender,[2] he was assessed a low risk for recidivism under the First Step Act, and he has no disciplinary infractions. Additionally, he contends he has ties to the community and will have a stable place to reside if his motion is granted. Johnson is currently 51 years old.

## LEGAL STANDARD

"A court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). The U.S. Sentencing Guidelines provide that a reduction should be granted only if

---

[2] His criminal history includes two convictions for drug distribution and money laundering offenses and one conviction for escape from a correctional facility.

"the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2) (p.s.).

## DISCUSSION

### I. COMPASSIONATE RELEASE

The Government first contends that Johnson has not exhausted his remedies with the BOP. To meet the exhaustion requirement, a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or, alternatively, 30 days must have passed "from the receipt of such a request by the warden of the defendant's facility." § 3582(c)(1)(A).

Johnson submitted a written request for compassionate release or home confinement to the "Warden of FCI Oakdale (Mr. Myers)" dated April 6, 2020, and stamped received on April 8, 2020 by the Warden's Office.[3] Because 30 days have passed since April 8, the Court concludes Johnson meets the exhaustion requirement.

Under the Sentencing Guidelines, "extraordinary and compelling reasons" that warrant a sentence reduction include (1) the defendant's medical condition, (2) the age of the defendant, (3) the defendant's family circumstances, and (4) other reasons as determined by the director of BOP. § 1B1.13, comment. (n.1). The Government concedes that Johnson's medical condition counts as an extraordinary and compelling reason;[4] therefore, the Court finds that this requirement is met.

---

[3] (Rec. Doc. 80-1, at 2).
[4] (Rec. Doc. 80, at 22).

Next, the Court must consider the 18 U.S.C. § 3553(a) sentencing factors and whether Johnson would be "a danger to the safety of any other person or to the community" if released. § 1B1.13(2) (p.s.). Johnson is currently incarcerated for his fourth federal felony conviction and has served less than one-fifth of his 120-month sentence, which represented a significant downward variance from the bottom of his guidelines range. He committed two of his felonies while serving a term of supervised release and a third (escape from a correctional facility) while incarcerated. Further, as the Government points out, defendants with similar health conditions whose motions for compassionate release have been granted during the COVID-19 outbreak have been older and had served a larger portion of their sentence. *See, e.g.*, *United States v. Saad*, No. 16-20197, 2020 WL 2251808, at * 1 (E.D. Mich. May 5, 2020) (granting motion where defendant was 71 years old and had served almost half of 72-month sentence). Considering the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentence disparities, the Court concludes that a sentence reduction is not warranted for Johnson.

## II.  HOME CONFINEMENT

Johnson alternatively requests the Court release him to home confinement. However, the Court lacks the authority to order BOP to transfer him to home confinement. *See* 18 U.S.C. § 3621(b); *United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993); *see also United States v. Mabe*, No. 3:15-CR-133, 2020 U.S. Dist. LEXIS 66269, at *1 (E.D. Tenn. Apr. 15, 2020) ("[T]he CARES Act places decision making

authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons. This Court therefore does not have power to grant relief under Section 12003 of the CARES Act." (citations omitted)).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Johnson's *Motion for Compassionate Release* **(Rec. Doc. 76)** is **DENIED**.

New Orleans, Louisiana, this 18th day of May, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE